## IN THE UNITED STATES COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

K'OYITL'OTS'INA, LTD.,                    )
                                          )
            Plaintiff,                    )        Case No. 1:19-cv-11309-LLS
                                          )
v.                                        )     ┌─────────────────────────────┐
                                          )     │ USDC SDNY                   │
                                          )     │ DOCUMENT                    │
ROBERT GOTTSCHALK,                        )     │ ELECTRONICALLY FILED        │
                                          )     │ DOC #:                      │
            Defendant.                    )     │ DATE FILED:  4/1/c/ 20      │
                                          )     └─────────────────────────────┘

### STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

In the interests of facilitating discovery and protecting the Confidential Information of both parties and non-parties from improper disclosure and use, Plaintiff K'oyitl'ots'ina, Ltd. ("Plaintiff") and Defendant Robert Gottschalk's ("Defendant"), by and through their counsel of record, have agreed to provide access to and accept such Confidential Information subject to the provisions set forth below.

Therefore, pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and good cause having been shown, IT IS HEREBY ORDERED that:

1.     Purpose and Scope. This Protective Order is intended to facilitate discovery and to eliminate, where possible, disputes between the parties concerning discovery issues by providing court-ordered protection for confidential, non-public information. It is not, however, intended to diminish the rights of any party to have information to which it is entitled, pursuant to any rule or Order of this Court or otherwise.

2.     Definitions. "Confidential" as used herein means private, personal, and/or non-public information, whether documentary or otherwise, designated as "Confidential" by the parties, or any third party pursuant to a subpoena (each a "Producing Party" when so designating

and delivering or producing) in the course of discovery in this action. **"Confidential Information"** includes, but is not necessarily limited to, information that is proprietary business, financial, or other commercially-sensitive information (hereinafter, "Confidential Information"). Extremely sensitive Confidential Information and documents produced during discovery may be designated as "Attorneys' Eyes Only" (hereinafter, "Attorneys' Eyes Only Information"). This latter designation shall apply only to information reasonably deemed by the Producing Party to be especially sensitive for business competitive purposes and therefore inappropriate for disclosure to the other party(ies) and such sensitive information cannot reasonably be redacted prior to production.

3.    Designation of Confidential Information.  Any party to this action and any third party who is required to produce information in this action pursuant to subpoena may designate information as "Confidential" or "Attorneys' Eyes Only," provided such designation is for information which has been treated as confidential by the Producing Party.

4.    Use of Confidential Information.  Confidential Information shall be used by the party or parties to whom it is produced only for the prosecution and/or defense of claims asserted in this action.  It shall not be used by such party or parties for any other purpose.

5.    Persons Entitled to See Confidential Information.  Information or documents designated as "Confidential" shall not be disclosed by the party or parties to whom it is produced to anyone except:

    a.    The parties to this action;

    b.    Counsel to the parties to this action and the personnel who work under their supervision, such as paralegals and secretaries;

    c.    Experts or consultants retained to assist with the case or to serve as expert

witnesses at the trial of this action;

d.    Non-party witnesses at depositions taken during the course of discovery in this action so long as the Confidential Information is information already known to that witness or if consent is otherwise obtained from the Producing Party; and/or

e.    The Court.

Documents designated as "Attorneys' Eyes Only" shall not be disclosed by the counsel for the party or parties to whom it is produced to anyone except counsel to the parties to this action and the personnel who work under their supervision, such as paralegals and secretaries.

The persons described in subparagraphs 5(a), (b), and (d) of this Order are bound by the provisions of this Order without the necessity of a confidentiality agreement. Before the persons described in subparagraph 5(c) of this Order may receive any Confidential Information, however, they must sign a statement acknowledging they have read this Order and agree to be bound by it.

6.    Designation of Written Information as Confidential Information.  To designate written information as Confidential Information, the Producing Party shall mark the information "Confidential" (and/or "Attorneys' Eyes Only," as applicable) or specifically identify a group or category of documents or written information as "Confidential" or "Attorneys' Eyes Only."  To designate information contained in electronic data and files as Confidential Information, the Producing Party shall provide a written notice to all parties, in advance or simultaneously with the production of the data or file that clearly defines the scope or portion of information or electronic records to be treated as Confidential Information.

7.    Designation of Deposition Testimony as Confidential and/or Attorneys' Eyes Only Information.  The indiscriminate or wholesale designation of entire deposition transcripts

as Confidential is not permitted.  If, however, a party or witness in good faith believes any portion of the testimony in a deposition taken during the course of discovery in this action contains Confidential Information and/or Attorneys' Eyes Only Information, and that such designation of the information would be consistent with the purpose of this Order, then such party or witness may designate such information as Confidential Information and/or Attorneys' Eyes Only Information, as applicable, according to the terms of Paragraph 6 of this Order.  Any party or witness intending to designate any portion of deposition testimony as Confidential Information and/or Attorneys' Eyes Only Information may notify the court reporter and opposing counsel of record during the deposition or within fifteen (15) days after his or her receipt of the transcript of his/her intention to designate portions of the transcript as Confidential and/or Attorneys' Eyes Only Information and to inform counsel of record in writing of such designation.  Until such designations have been completed or the fifteen (15) days have expired, whichever first occurs, the transcript shall be treated as Confidential and/or Attorneys' Eyes Only Information by all parties and others, including counsel, subject to this Order.

8.     <u>Filing with the Court</u>.  Any party intending to file Confidential or Attorneys' Eyes Only Information with the Court (in any form whatsoever) shall take all steps reasonable and necessary to seek leave to file the Confidential or Attorneys' Eyes Only Information under seal. This Court will evaluate the merits of any such motions for leave to file information under seal on a case-by-case basis.  Nothing in this Order shall restrict the right of a party to rely upon or introduce as evidence at trial information classified as Confidential Information or Attorneys' Eyes Only Information subject to whatever guidelines the Court may impose in this regard.

9.     <u>Continuing Effect/Termination of Litigation</u>.  Within thirty (30) days following the date on which all claims brought in this action have been either reduced to judgment or

dismissed, each party (or counsel, as applicable), upon written request, shall assemble and return to the Producing Party all Confidential and Attorneys' Eyes Only Information, copies thereof, and all material or memoranda embodying information so designated. Until all such Confidential and/or Attorneys' Eyes Only Information has been returned as required by this paragraph, this Order shall remain in effect regardless of whether or not the action has been terminated.

10.   Dispute.   If any party disagrees with the designation of any information as Confidential or Attorneys' Eyes Only Information, such party shall notify the Producing Party and the parties then shall attempt in good faith to resolve their dispute before seeking relief from this Court. If, despite the parties' good faith effort, the dispute cannot be resolved informally within ten (10) days after the Producing Party receives notice of the dispute, the Producing Party may seek a determination from the Court with respect to the propriety of the Confidential or Attorneys' Eyes Only Information designation.   The Producing Party must seek this determination within fifteen (15) days after the Parties have exhausted their attempt to resolve the dispute informally. The parties (or counsel, as applicable) agree that, pending the resolution of any such dispute, they will treat the information subject to such dispute as Confidential Information or Attorneys' Eyes Only Information, as applicable, under the terms of this Order.

11.   Inadvertent Production.   The Producing Party's inadvertent production of any information or document without designating it as Confidential and/or Attorneys' Eyes Only Information shall not by itself be deemed a waiver of the Producing Party's claim of confidentiality as to that information or document. If the Producing Party wishes to designate the information or document as Confidential or Attorneys' Eyes Only Information after production, it shall consult with the opposing party and the parties shall make a good faith effort to resolve the matter. If the parties are not able to resolve the matter informally, the Producing

Party may apply to the Court for an Order designating the information or document as Confidential or Attorneys' Eyes Only Information, or compelling return of the information or document, as appropriate. The parties agree that, pending the resolution of any such disputed matter, they will treat the information or document subject to the Confidential and/or Attorneys' Eyes Only Information designation, as applicable, under the terms of this Order.

**SO STIPULATED AND AGREED.**

/s/Karen A. Doner

Karen A. Doner (VA Bar No. 40999)
(admitted *pro hac vice*)
Doner Law, PLC
1750 Tysons Boulevard, Suite 1500
Tysons Corner, Virginia 22102
Tel: (703) 462-5471 / Fax: (703) 462-5437
kdoner@donerlawplc.com

Reuben Borman (NY Bar No. 4245759)
Poulos LoPiccolo PC
311 W. 43rd Street, 11th Floor, Suite 124
New York, New York 10036
Tel: (646) 931-0011 / Fax: (732) 358-0180
borman@pllawfirm.com

*Counsel for Plaintiff*
*K'oyitl'ots'ina, Ltd.*

Robert W. Ottinger, Esq.
Finn Dusenbery, Esq.
Ottinger Law Firm, P.C.
401 Park Avenue South
New York, New York 10016
Tel: (415) 325-2088 / Fax: (212) 571-0505
robert@ottingerlaw.com
finn@ottingerlaw.com

*Counsel for Defendant*
*Robert Gottschalk*

\*        \*        \*

**IT IS SO ORDERED.**

Dated: April __9__, 2020

HON. LOUIS L. STANTON
UNITED STATES DISTRICT JUDGE