```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X

K'OYITL'OTS'INA, LTD.,

          Plaintiff,        19 Civ. 11309 (LLS)

   - against -           OPINION & ORDER

ROBERT GOTTSCHALK,

          Defendant.

- - - - - - - - - - - - - - - - - - -X

Defendant Robert Gottschalk moves for attorneys' fees and costs pursuant to this Court's August 7, 2020 order, Federal Rule of Civil Procedure 54(d), and the parties' Confidentiality and Non-Solicitation Agreement. For the following reasons, the motion is denied as to attorneys' fees and granted as to costs.

## BACKGROUND

Plaintiff K'oyitl'ots'ina, Ltd. ("K-Corp.") sued its former employee Robert Gottschalk in the United States District Court for the District of Alaska, alleging that Gottschalk breached the parties' Confidentiality and Non-Solicitation Agreement, tortiously interfered with its prospective economic advantage, misappropriated its trade secrets under Alaska Stat. § 45.50.940, violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and violated the Stored Communications Act, 18

-1-

U.S.C. § 2701 et seq.[1] Defendant Gottschalk moved for dismissal of all claims on the ground the venue in Alaska was improper, or for its transfer to New York.

Over plaintiff's opposition, the U.S. District Court in Alaska granted Gottschalk's motion. It stated:

> Here, the contract alleged to have been breached was the Confidentiality and Non-Solicitation Agreement. There were no negotiations leading up to the signing of this Agreement and defendant signed the Agreement in New York. While plaintiff signed the Agreement in Alaska, in considering where a substantial part of the events giving rise to plaintiff's breach of contract claim occurred, the court focuses more on the acts of defendant and less on the acts of plaintiff. The contract was intended to be performed wherever defendant was as it governed his conduct, and at all relevant times, defendant was in New York or Massachusetts. As for the alleged breaches, one alleged breach, defendant's attendance at the pre-proposal conference and site visit, occurred in Massachusetts. Plaintiff's breach of contract claim is also based on allegations that he copied or transferred plaintiff's trade secrets (such as client lists and pricing information) from his Company laptop, he had his personal phone number changed to his previous work phone number, and he accessed his prior work email account without authorization. All of this conduct occurred somewhere other than Alaska.
>
> ***
>
> Here, the only event connected with Alaska that gave rise to plaintiff's breach of contract claim other than the alleged harm being felt in Alaska was

---

[1] K-Corp. also brought its claims for tortious interference with prospective economic advantage and misappropriation of trade secrets, as well as a claim for tortious interference with an existing contract, against Global Food Service LLC d/b/a GFS Group. Upon learning GFS was not involved in this dispute, K-Corp. voluntarily dismissed its claims against GFS pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

>that plaintiff signed the Agreement in Alaska. All the other events took place either in Massachusetts or New York. Because a substantial amount of the events giving rise to plaintiff's breach of contract claim did not occur in Alaska, venue in Alaska is not proper for this claim.

K'oyitl'ots'ina, Ltd. v. Gottschalk, (4:19-cv-0030-HRH), 2019 WL 6257723 at *3-4 (D. Alaska Nov. 22, 2019) (emphasis in original) (footnote omitted).

Because "all of the acts allegedly done by defendant that gave rise to these claims were done by defendant outside of Alaska," id. at *5, the Alaska court held that venue for all the claims, contract, tort and statutory, were improper in Alaska and transferred them to this Court in New York.

After some developments here, plaintiff determined that voluntary dismissal of the case with prejudice was warranted and appropriate. (Its counsel's July 28, 2020 letter to the Court, p.3). Mr. Gottschalk declined to so stipulate unless the stipulation recognized him as the prevailing party, and entitled to recover his costs and attorneys' fees (his counsel's July 30, 2020 letter to the Court, p.1).

On August 7, 2020 this Court dismissed the complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) and granted Gottschalk leave to move for costs, attorneys' fees and a declaration that he is the prevailing party.

## DISCUSSION

### Attorneys' Fees and Costs Under the Agreement

Gottschalk's claim for attorneys' fees is primarily based on the relevant provision in the parties' Confidentiality and Non-Solicitation Agreement, which states

> 5. COSTS & ATTORNEY'S FEES:
>
> In the event that either party breaches this Agreement, the prevailing party shall be entitled to its costs, including reasonable attorney's fees, from the other party, incurred as a result of such breach.

Because this case was dismissed before a determination on the merits of K-Corp.'s breach claim, the Costs & Attorney's Fees provision's condition precedent -- that either party breached the Agreement -- has not been established. Accordingly, Gottschalk cannot recover fees or costs under the Agreement. See Amphenol Corp. v. Paul, 591 F. App'x 34, 36 (2d Cir. 2015) (summary order)(alteration in original)("Interpreting the operative section of the IPA as a whole, see Postlewaite v. McGraw-Hill, Inc., 411 F.3d 63, 67 (2d Cir. 2005), we conclude that Paul would only have been obligated to reimburse Amphenol's attorney's fees 'in the event of a breach by [Paul],' see App'x at 46. Having already determined that Amphenol did not sufficiently establish the condition precedent—i.e., a breach of contract by Paul—we accordingly conclude that Amphenol was not contractually entitled to attorney's fees.").

Attorneys' Fees Under the Applicable Law

Gottschalk contends that even if he cannot recover attorneys' fees and costs under the Agreement, he can recover them under the applicable law. Neither Alaska nor Federal law allow Gottschalk to recover attorneys' fees. However, he is entitled to costs under both bodies of law.

If Alaska law were applied to Gottschalk's motion for attorneys' fees as to the three claims K-Corp. brought under Alaska state law -- breach of contract, tortious interference with prospective economic advantage, and misappropriation of trade secrets[2] -- it would defer to private agreements of the parties.

Alaska law states "Except as otherwise provided by law or agreed to by the parties, the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule." Alaska R. Civ. P. 82(a). Here the parties agreed to the specific contractual terms governing attorneys' fees, discussed above, under which Gottschalk does not recover attorneys' fees for lack of an established breach of their agreement.

---

[2] See Christensen v. Kiewit-Murdock Inv. Corp., 815 F.2d 206, 214 (2d Cir. 1987) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 259 n.31 (1975)) ("State statutes providing for awards of attorneys' fees and costs ordinarily apply to state law claims made in a federal court.").

Gottschalk's motion for attorneys' fees in his two federal statutory claims similarly fail. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, does not speak to attorneys' fees,[3] and while the Stored Communications Act does provide for "a reasonable attorney's fee and other litigation costs reasonably incurred" in 18 U.S.C. § 2707(b), no such relief is appropriate in this case which was dismissed without any findings on its merits.

Gottschalk's motion for attorneys' fees is therefore denied.

Costs Under the Applicable Law

Both Alaska and Federal law grant costs to a prevailing party as a matter of course.

Alaska Rule of Civil Procedure 79(a) states:

> **(a) Allowance to Prevailing Party.** Unless the court otherwise directs, the prevailing party is entitled to recover costs allowable under paragraph (f) that were necessarily incurred in the action. The amount awarded for each item will be the amount specified in this rule or, if no amount is specified, the cost actually incurred by the party to the extent this cost is reasonable.

Paragraph (f) lists sixteen categories of allowable costs.

Federal Rule of Civil Procedure 54(d)(1) states, in pertinent part:

---

[3]   Some courts have found that attorneys' fees are recoverable under the statute as a part of the "loss."

> **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.

The Second Circuit recently discussed how a voluntary dismissal with prejudice allows a defendant to satisfy the Supreme Court's definition of "prevailing party."

> In Buckhannon, the Supreme Court held that, to "prevail[ ]" for purposes of attorney's fees, a party (the plaintiff in that case) must have gained through the litigation a "material alteration of the legal relationship of the parties." 532 U.S. at 604, 121 S. Ct. 1835 (internal quotation marks omitted). A voluntary dismissal of an action with prejudice works such alteration, because it constitutes "an adjudication on the merits for purposes of res judicata," Chase Manhattan Bank, N.A. v. Celotex Corp., 56 F.3d 343, 345 (2d Cir. 1995), and any action so dismissed could not be brought again.

Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, 165 (2d Cir. 2014) (omission in original).

Since dismissal of the complaint with prejudice bars K-Corp. from bringing its claims against Gottschalk again, he is the prevailing party in this action to the extent that he may recover costs. Both parties agree their proper amount is $218.70.

### CONCLUSION

Defendant's motion for attorneys' fees is denied and is granted for costs in the amount of $218.70.

So ordered.

Dated: New York, New York
November 12, 2020

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.